IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:11CR594 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | JOINT PROPOSED |
| SAMUEL MULLET, SR., et al., | ) | JURY INSTRUCTIONS |
| | ) | |
| Defendants. | ) | |

Pursuant to the Court's April 23, 2012 Trial Order, the parties hereby submit their Joint

Proposed Jury Instructions.

Leave is requested to submit additional joint proposed instructions as they become

necessary.  Trial in this case is scheduled to begin on August 27, 2012.

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**The Nature of the Offense Charged in Count One – Conspiracy (18 U.S.C. § 371)**

Count One of the Indictment charges the defendants with conspiring with each other, and with others not named in the Indictment, to commit religiously-motivated assaults in violation of the federal civil rights laws, to obstruct justice, and to make false statements to federal law enforcement officers.

Specifically, Count One alleges that, from in or about September 2011 through in or about March 2012, in Northern District of Ohio, Eastern Division, and elsewhere, defendants SAMUEL MULLET, SR., JOHNNY S. MULLET, DANNY S. MULLET, LESTER S. MULLET, LEVI F. MILLER, ELI M. MILLER, EMANUEL SHROCK, RAYMOND MILLER, FREEMAN BURKHOLDER, ANNA MILLER, LINDA SHROCK, LOVINA MILLER, KATHRYN MILLER, EMMA MILLER, AND ELIZABETH MILLER, and others known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, confederate and agree with each other to:

a)      Willfully cause bodily injury to Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock because of the actual and perceived religion of Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock resulting from travel using an instrumentality of interstate commerce and employing a dangerous weapon that traveled in interstate commerce, in violation of Title 18, United States Code, Section 249(a)(2).

2

b)      Knowingly alter, conceal, cover up, falsify, and make false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department and agency of the United States, and in relation to and in contemplation of any such matter, in violation of Title 18, United States Code, Section 1519.

c)      Willfully falsify, conceal, and cover up by any trick, scheme, and device a material fact, and make materially false, fictitious, and fraudulent statements and representations in any matter within the jurisdiction of the executive branch of the United States, in violation Title 18, United States Code, Section 1001.


Authority:      Devitt, Blackmar, & O'Malley, <u>Federal Jury Practice & Instructions</u>, Section 48.09 (4th Ed. 1990 & Supp. 1998).

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**<u>The Statute Defining the Offense Charged in Count One</u>**

Count One is brought under Section 371 of Title 18 of the United States Code, which

provides:

> If two or more persons conspire . . . to commit any offense against the United
> States. . . and one or more of such persons do any act to effect the object of the
> conspiracy, each [is guilty of an offense against the United States].

<u>Authority</u>:      18 U.S.C. § 371.

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**<u>Elements of Conspiracy</u>**

A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

<u>FIRST</u>:   That two or more persons conspired, or agreed, to commit the crimes as charged in the Indictment;

<u>SECOND</u>:  That a defendant knowingly and voluntarily joined the conspiracy; and

<u>THIRD</u>:   That some member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, then you may find the defendant guilty of the crime charged.  If you find that any of these elements has not been proved beyond a reasonable doubt as to a defendant, you must find the defendant not guilty of the crime.

<u>Authority</u>:  Sixth Circuit Pattern Criminal Jury Instruction 3.01A (modified)

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### First Element – Existence of an Agreement

With regard to the first element - a criminal agreement -  the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of religiously-motivated assaults, obstruction of justice, and false statements to federal law enforcement officers.

In order for the government to satisfy the first element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  Proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act or acts.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider

6

the actions and statements of all of those you find to be participants as proof that a common

design existed on the part of the persons charged to act together to accomplish an unlawful

purpose.

        Authority:     Sand et al., <u>Modern Federal Jury Instructions</u>, No. 11-2 (2002), 19-4
(modified); Sixth Circuit Pattern Criminal Jury Instructions 3.02
(modified).

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### <u>Conspiracy–Objects</u>

You will notice that the conspiracy alleged in Count One has three objects, which are basically the goals or aims of the conspiracy.  The first object of the conspiracy alleged in the Indictment are the assaults of Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock, because of their actual or perceived religion, in violation of 18 U.S.C. § 249.  The second object of the conspiracy alleged in the Indictment is obstruction of justice in violation of 18 U.S.C. § 1519.  The third object of the conspiracy is the making of false statements to the FBI in violation of 18 U.S.C. § 1001.  I will define each of these offenses for you after I define the general elements of conspiracy.

The government does not have to prove that the defendant agreed to commit each of these crimes, but you must unanimously agree that the government has proved an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

<u>Authority</u>:        Sixth Circuit Pattern Criminal Jury Instruction 3.02(5) (modified).

8

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

<u>**Second Element – Membership in the Conspiracy**</u>

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that a defendant knowingly and voluntarily joined that agreement. You must consider the defendant separately from each of the other alleged co-conspirators in this regard.   To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning or until the very end.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a co-conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy, but without more, they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

9

Authority:    Sixth Circuit Pattern Criminal Jury Instructions No. 3.03 (modified).

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**<u>Third Element – Commission of an Overt Act in Furtherance of the Conspiracy</u>**

The third, and final, element of conspiracy that the government must prove is that some member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

The Indictment lists 39 overt acts.  The government does not have to prove that all these acts were committed.  Nor does the government have to prove that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy in the Northern District of Ohio, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

<u>Authority</u>:      Sixth Circuit Pattern Criminal Jury Instructions 3.04 (modified).

11

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**<u>Conspiracy–Success of Scheme Immaterial</u>**

In order to find the defendant guilty of conspiracy, the evidence need not show that the conspiracy succeeded.  The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

In other words,  the government is not required to prove that anyone actually engaged in all of the elements of the assaults of Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock in violation of 18 U.S.C. § 249, or that anyone actually engaged in all of the elements of obstruction of justice in violation of 18 U.S.C. § 1519, or that anyone actually made a false statement to the FBI in violation of 18 U.S.C. § 1001.  Further, it does not matter that not every defendant is charged with each substantive violation of 18 U.S.C. §§ 249, 1519, or 1001.  In order to find a defendant guilty of Count One, you need only unanimously find that he or she entered into an agreement to bring about a religiously-motivated assault, or that he or she entered into an agreement to obstruct justice, or that he or she entered into an agreement to make false statements to the FBI, and that one of the overt acts alleged in the Indictment was actually committed.

<u>Authority</u>:    <u>Devitt & Blackmar</u> § 28.08 (modified); Sixth Circuit Pattern Criminal Jury Instructions (1991 Ed.) (modified).

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### <u>Unindicted, Unnamed or Separately Tried Co-Conspirators</u>

Some of the people who may have been involved in the events described in Count One of the Indictment are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

<u>Authority</u>:      Sixth Circuit Pattern Criminal Jury Instruction 3.06 (modified).

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**Augmented Unanimity Instruction - Multi-Object Conspiracy**

(1)     One more point about the requirement that your verdict must be unanimous.  Count 1 of the Indictment accuses the defendants of committing the crime of Conspiracy in more than one possible way.  The first is that he or she conspired to commit the assaults because of the actual or perceived religion of another. The second is that he or she conspired to obstruct justice.  The third is that he or she conspired to make a false statement.

(2)     The government does not have to prove all three offenses for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt of any one of these offenses is enough. However, in order to return a guilty verdict, all twelve of you must unanimously agree upon which of the three offenses was the subject of the conspiracy, and indicate such finding on the appropriate verdict form. If you cannot agree in that manner, you must find the defendant not guilty.

Authority:     Modified Sixth Circuit Pattern Criminal Jury Instructions, 2009 Edition, Section 8.03B (with updates current through June 13, 2011).


**NOTE:** The parties agree to the use of a special verdict form to specify the object offense(s) of conviction.

14

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### Counts Two through Six – Assaults Because of Actual or Perceived Religion (18 U.S.C. § 249)

Counts Two through Six charge each of the defendants with willfully causing bodily

injury to a person because of the actual or perceived religion of that person in violation of Title

18, United States Code, Section 249(a)(2), which provides in relevant part:

(A) . . . Whoever, whether or not acting under color of law, in any circumstance described in subparagraph (B) . . ., willfully causes bodily injury to any person, . . . because of the actual or perceived religion . . . of any person [shall be punished].

(B) Circumstances described. – For purposes of subparagraph (A), the circumstances described in this subparagraph are that –

(i) the conduct described in subparagraph (A) occurs during the course of, or as the result of, the travel of the defendant or the victim - - . . .

(II) using a channel, facility, or instrumentality of interstate or foreign commerce;

-or-

(ii) the defendant uses a channel, facility, or instrumentality of interstate or foreign commerce in connection with the conduct described in subparagraph (A);

-or-

(iii) in connection with the conduct described in subparagraph (A), the defendant employs a firearm, dangerous weapon, explosive or incendiary device, or other weapon that has traveled in interstate or foreign commerce . . .

Authority:    18 U.S.C. § 249

15

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### Elements of 18 U.S.C. § 249(a)(2)

In order for a defendant to be found guilty of the offense charged in Counts Two through Six, the government must prove each of the following elements beyond a reasonable doubt:

FIRST:      That the defendant willfully caused bodily injury to a person;

SECOND:     That the defendant acted because of the actual or perceived religion of a person.  In this case, the Government has charged that the defendants acted because of the actual or perceived manner in which the victims practiced the Old Order Amish religion; and

THIRD:      That the conduct described in the first two elements occurred in any of the following circumstances: (a) during the course of, or as a result of, the travel of the defendant or the victim using an instrumentality of interstate commerce; or (b) through the use by the defendant of an instrumentality of interstate commerce; or (c) through the use of a dangerous weapon or other weapon that has traveled in interstate commerce.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, then you may find the defendant guilty of the crime charged.  If you find that any of these elements has not been proved beyond a reasonable doubt as to a defendant, you must find the defendant not guilty of the crime.

Authority:     18 U.S.C. § 249

16

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**"Willfully" Defined**

The term "wilfully" means the defendant acted voluntarily and intentionally and with the specific intent to do something which the law forbids, that is to say, with bad purpose either to disobey or disregard the law.  The Government is not required to prove that the defendant was aware of the specific law that his or her conduct might violate.

A defendant's intent is his or her state of mind.  Intent can be proven by circumstantial evidence.  In determining what a defendant intended, you may consider any statements made or any acts done or omitted by that defendant.  You may also consider all the attendant circumstances of the case, that is, all other facts and circumstances received in evidence that may aid in your determination of the defendant's intent.  You may conclude that a defendant intended the natural and probable consequences of his or her actions.

Authority:    *Bryan v. United States*, 524 U.S. 184, 191-93 (1998);

*Sandstrom v. Montana*, 442 U.S. 510 (1979) (permitting inference that a person normally intends the consequences of his voluntary acts is permissible);

*United States v. Myers*, 972 F.2d 1566, 1573 & n.3 (11th Cir. 1992) (approving instruction: "With regard to specific intent, you are instructed that intent is a state of mind and can be proved by circumstantial evidence. Indeed, it can rarely be established by any other means."  "In determining whether this element of specific intent was present, you may consider all of the attendant circumstances of the case." "For example, you may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done.  In other words, you may in this case infer and find that the defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from his or her act or acts knowingly done.").

17

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**"Bodily Injury" Defined**

Bodily injury means any injury to the body, no matter how temporary, and includes a cut,

abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a

bodily member, organ or mental faculty; or other injury to the body, no matter how temporary.

Bodily injury does not include solely emotional or psychological harm to the victim.

**[Government to submit definition of disfigurement]**

Authority:        18 U.S.C. 249(c)(1)
                  18 U.S.C. 1365(h)(4)

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### Circumstances in which the Conduct Occurred: "Interstate Commerce," "Instrumentality," and "Dangerous Weapon" Defined

The final element that the Government must prove beyond a reasonable doubt for each of Counts Two through Six is that the conduct occurred in one of three circumstances:  (a) during the course of, or as a result of, the travel of the defendant or the victim using an instrumentality of interstate commerce; or (b) through the use by the defendant of an instrumentality of interstate commerce in connection with the conduct; or (c) through the use of a dangerous weapon or other weapon that has traveled in interstate commerce.

"Interstate commerce" means travel, trade, traffic, or transportation between the states. Conduct affects interstate commerce if it in any way interferes with, alters, or changes the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among states.

An "instrumentality of interstate commerce" is [**parties to submit separate definitions**].

A "dangerous weapon" is defined as a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury.

A dangerous weapon has traveled in interstate commerce if it was manufactured in one state and shipped to, transported to, or sold in another state.  In order to prove that a weapon traveled in interstate commerce it is sufficient for the Government to prove that, at any time prior to the date charged in the Indictment, the weapon crossed a state line. The Government does not

19

need to prove that a defendant carried the weapon across a state line, or to prove who carried it across or how it was transported.  It is also not necessary for the government to prove that a defendant knew that the weapon had traveled in interstate commerce.

Authority:    Fifth Circuit Criminal Pattern Instruction 1.39 ("Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.");

2 Fed. Jury Prac. & Instr. § 25:12 (6th ed.) (defining "dangerous weapon" as any object, instrumentality, or body part used in a manner that has the potential to inflict bodily harm);

18 U.S.C. 930(f)(2) (definition of "dangerous weapon");

*Scarborough v. United States*, 431 U.S. 563 (1977) (proof that weapon traveled at some time in interstate commerce satisfies commerce nexus);

Seventh Circuit Pattern Instruction 18 U.S.C. § 922(g) ("A firearm has traveled in interstate commerce if it has traveled between one state and any other state [or country], or across a state [or national] boundary line. [The government need not prove [how the firearm traveled in interstate commerce] [or] that the firearm's travel was related to the defendant's possession of it] [or] [that the defendant knew the firearm had traveled in interstate commerce].]);

Sixth Circuit Pattern Instruction 12.01 (defining "transported" in interstate commerce and "in" interstate commerce).

## GOVERNMENT'S REQUESTED INSTRUCTION NO.

### **"Kidnaping" Defined**

**[Parties to submit separate instruction]**

## PARTIES' REQUESTED JURY INSTRUCTION NO.

## Counts Seven through Nine – Destruction of records in federal investigations (18 U.S.C. § 1519)

Counts Seven through Nine of the Indictment allege that on various dates, in the Northern District of Ohio, Eastern Division, Defendants Samuel Mullet, Sr., Levi Miller, Eli M. Miller, Lester S. Mullet, and others known and unknown to the Grand Jury, acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, did knowingly alter, conceal, and cover up a tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

Specifically, Count Seven alleges that on or about September 6, 2011, Samuel Mullet, Sr., and others known and unknown, burned a bag containing Marty Miller's beard hair and Barbara Miller's head hair and bonnet.

Count Eight alleges that from in or about September 2011, through in or about March 2012, Samuel Mullet, Sr., Levi Miller, Eli M. Miller, Lester S. Mullet, and others known and unknown to the Grand Jury concealed the Fuji disposable camera that was used, in part, to memorialize the appearance of certain victims.

Count Nine alleges that from on or about October 4, 2011, through on or about November 28, 2011, Lester Miller, and others known and unknown to the Grand Jury concealed the 8" horse mane shears used in certain of the beard and head hair cutting attacks.

Authority: 18 U.S.C. § 1519.

22

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**The Statute Defining the Offenses Charged in Counts 7 through 9 – 18 U.S.C. § 1519**

Counts Seven through Nine of the Indictment charge violations of Section 1519 of Title 18 of the

United States Code.  I will read the pertinent part of that statute to you:

> Whoever, knowingly alters, destroys, mutilates, conceals [or] covers up . . . a . . . tangible
> object with the intent to impede, obstruct, or influence the investigation or proper
> administration of any matter within the jurisdiction of any department or agency of the
> United States . . . or in relation to or contemplation of any such matter or case, [shall be
> punished].

Authority: 18 U.S.C. § 1519.

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### Elements of 18 U.S.C. § 1519

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

FIRST:         That the defendant altered, concealed, or covered up a tangible object;

SECOND:   That the defendant did so knowingly; and,

THIRD:       That the defendant did so intending to impede, obstruct, or influence an investigation or proper administration of a matter within the jurisdiction of an agency of the United States or in relation to or contemplation of any such matter or case.

Now I will give you detailed instructions on some of these terms.

An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.  Knowledge may be proven by the defendant's conduct, and by all the facts and circumstances surrounding the case.

To find that a defendant intended to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States or in relation to or contemplation of any such matter or case, you need not find that the investigation was pending or imminent at the time of the defendant's conduct.  It is sufficient that the act was done "in contemplation" of, or in relation to, the administration or investigation of a matter within federal jurisdiction.

The FBI is an agency of the United States, and religiously-motivated assaults in violation of 18 U.S.C. § 249 are matters within the jurisdiction of the FBI.

24

For each count, if you are convinced that the government has proved all of these elements, say so by returning a guilty verdict.  For each count, if you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty.

Authority:        18 U.S.C. § 1519

*United States v. Hunt*,  526 F.3d 739, 743 (11th Cir. 2008) ("This statute rather plainly criminalizes the conduct of an individual who (1) knowingly (2) makes a false entry in a record or document (3) with intent to impede or influence a federal investigation . . . [A] police report [is] a 'record' or 'document,' and . . . 'any matter within the jurisdiction of [a] department ... of the United States' [includes] an FBI investigation.").

*United States v. Atlantic States Cast Iron Pipe Co.*,  2007 WL 2282514, 5 (D.N.J. 2007) (reviewing general elements of § 1519 in case alleging altering, concealing, and covering up tangible objects);

148 Cong. Rec. S7 418-419

S. Rep. No. 107-146, pp. 14-15 (2002) ("Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation of proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done whether in relation to *or in contemplation of such a matter or investigation*.  This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter.  It is also sufficient that the act is done 'in contemplation' of or in relation to a matter or regulation.  It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title.  Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute... The intent of the provision is simple; people should not be destroying, altering, or falsifying documents to obstruct any government function.");

*United States v. Jho*, 465 F. Supp. 2d 618, 635-636 (E.D. Tex. 2006) (discussing intent requirement of section 1519, stating it is not necessary that an investigation be pending or imminent at the time of the defendant's falsification of records);

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**Count 10 – False Statements (18 U.S.C. § 1001)**

Count 10 of the Indictment alleges that on or about November 22, 2011, in the Northern District of Ohio, Eastern Division, defendant SAMUEL MULLET, SR., in a matter within the jurisdiction of the executive branch of the United States, knowingly and willfully made materially false statements to an FBI agent investigating the civil rights violations charged in Counts 1 through 6.  Specifically, defendant SAMUEL MULLET, SR., stated to the FBI that he had no knowledge that members of the Bergholz Community were considering stopping at the home of R.H. on October 4, 2011.  The government alleges that this statement is false.

Authority:       18 U.S.C. § 1001.

27

## PARTIES' REQUESTED JURY INSTRUCTION NO.

### The Statute Defining the Offense Charged in Count 10 – 18 U.S.C. § 1001

The Indictment charges defendant SAMUEL MULLET, SR., with violating Section 1001

of Title 18 of the United States Code.  I will read the pertinent part of that statute to you:

> Whoever, in any matter within the jurisdiction of the executive . . . branch of the
> Government of the United States, knowingly and wilfully . . . makes any
> materially false, fictitious, or fraudulent statement or representation [shall be
> punished].

Authority:      18 U.S.C. § 1001.

28

**PARTIES' REQUESTED JURY INSTRUCTION NO.**

**Elements of 18 U.S.C. § 1001**

Defendant SAMUEL MULLET, SR., is charged with the offense of making a false statement in a matter within the jurisdiction of the United States government. For you to find Defendant SAMUEL MULLET, SR.,  guilty of this offense, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

FIRST:     That the defendant made a statement or representation;

SECOND:     That the statement was false, fictitious, or fraudulent;

THIRD:     That the statement or representation was material;

FOURTH:     That the defendant acted knowingly and willfully; and

FIFTH:     That the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

Now I will give you more detailed instructions on some of these terms.

A statement is "false" or "fictitious" if it was untrue when it was made, and the defendant knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, the defendant knew it was untrue at that time, and the defendant intended to deceive.

A "material" statement or representation is one that has the natural tendency to influence or is capable of influencing a decision of the Federal Bureau of Investigation.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A matter is "within the jurisdiction of the executive branch of the United States government" if the Federal Bureau of Investigation has the power to exercise authority in that

matter.

It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

Authority:      Sixth Circuit Pattern Jury Instruction 13.02 (modified)

Respectfully submitted,


STEVEN M. DETTELBACH
United States Attorney


By:     /s/ Bridget M. Brennan             
        Bridget M. Brennan
        Thomas E. Getz
        Assistant U.S. Attorneys
        Reg. Nos.  0072603/0039786
        400 United States Courthouse
        801 West Superior Avenue
        Cleveland, Ohio  44113
        Tel. Nos.:  (216) 622-3810/622-3840
        Fax No.:    (216) 685-2378
        E-mail: bridget.brennan@usdoj.gov
                thomas.getz@usdoj.gov



        Kristy L. Parker
        Reg. No.  18790 (KS)
        Deputy Chief, Civil Rights Division
        U.S. Department of Justice
        Patrick Henry Building
        601 D Street, N.W., Room 5113
        Phone: (202)353-8260
        E-Mail:  kristy.parker@usdoj.gov

31

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of August, 2012, a copy of the foregoing Joint Proposed Jury Instructions was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Bridget M. Brennan
Bridget M. Brennan
Assistant U.S. Attorney

32