IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:11CR594 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S PROPOSED |
| SAMUEL MULLET, SR., et al., | ) | SUPPLEMENTAL JURY |
| | ) | INSTRUCTIONS |
| Defendants. | ) | |

The United States of America, by and through Steven M. Dettelbach, United States Attorney, Thomas E. Perez, Assistant Attorney General for the Civil Rights Division, and the undersigned Department of Justice attorneys, hereby submits the following proposed Jury Instructions.

Leave is requested to submit additional proposed instructions as they become necessary. Trial in this case is scheduled to begin on August 27, 2012.

**GOVERNMENT'S REQUESTED INSTRUCTION NO.**

**"Because of the Actual or Perceived Religion" Defined**

The Government must prove beyond a reasonable doubt that a person's actual or perceived religion was a motivating factor for a defendant's actions.  If, in fact, you find that a defendant was motivated by the actual or perceived religion of a person in committing an assault as alleged in the Indictment, you may find that the defendant committed the charged offense even if he or she had other reasons for doing what he or she did.  In other words, the fact that a defendant may have had other motives for his or her conduct does not make that conduct any less a violation of the provisions of law implicated by Counts Two through Six.

In determining whether the government has proved that a defendant acted as he or she did because of a person's actual or perceived religion, you may consider statements made or language used by the defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the defendant's motives.

Authority:   *United States v. Johns*, 615 F.2d 672, 675 (5th Cir. 1980) ("The presence of other motives, given the existence of the defendants' motive to end interracial cohabitation, does not make their conduct any less a violation of 42 U.S.C. § 3631");

*United States v. Bledsoe*, 728 F.2d 1094, 1098 (8th Cir. 1984) (approving instruction using quoted language from <u>Johns</u>, <u>supra</u>; finding that both defendant's statements and circumstantial evidence established racial motivation);

*United States v. J.H.H.*, 22 F.3d 821, 826-27 (8th Cir. 1994) (intent to intimidate because of race and occupancy of dwelling inferred from circumstances);

*United States v. Griffin*, 525 F.2d 710, 712 (1st Cir. 1976) (intent to

prevent court-ordered busing could be inferred from circumstances surrounding beating of African American man).

**GOVERNMENT'S REQUESTED INSTRUCTION NO.**

**Circumstances in which the Conduct Occurred: "Instrumentality"**

An "instrumentality of interstate commerce" is a vehicle, device, or mechanism capable of transporting goods or people across state lines.  Cars, trucks, and other motor vehicles are instrumentalities of commerce, as is the United States Mail and private or commercial interstate carrier like UPS.  If you find an assault alleged in this case occurred as a result of a defendant's or a victim's travel in a car or truck, or if you find that a defendant used a car, truck, or the United States Mail or other private or commercial interstate carrier in connection with an alleged assault, you may find that this element is met regardless of whether the car, truck, or mail item actually crossed state lines in connection with the offense.

    Authority:    *United States v. Lopez*, 514 U.S. 549, 558 (1996) ("Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities.")

    *United States* v. *McHenry*, 97 F.3d 125, 126-127 (6th Cir. 1996) (noting that motor vehicles are "the quintessential instrumentalities of modern interstate commerce" and are inherently capable of affecting commerce) (quoting *United States v. Bishop*, 66 F.3d 569, 588-90 (3d Cir. 1995)).

**GOVERNMENT'S REQUESTED INSTRUCTION NO.**

**"Kidnapping" Defined**

  For Counts Two through Six, if you find that the Government has proven each of the offense elements beyond a reasonable doubt as to any or all of the defendants, you will next be asked to consider whether the offense as to each such defendant included kidnapping. For purposes of this case, "kidnapping" means to restrain and confine a person by force, intimidation, or deception with the intent to terrorize or cause bodily injury to that person; or to restrain a person's liberty in circumstances that create a substantial risk of bodily harm to that person. If you find that a defendant engaged in any of the conduct I have just described with respect to even one of the victims named in a particular Count, you may find that the charged offense included kidnapping.

  Authority: *United States v. Guidry*, 456 F.3d 493, 510 (5th Cir. 2006) (holding that "kidnaping" for purposes of sentencing enhancement should be defined according to its generic, contemporary meaning; finding of kidnaping in the generic sense does not require abduction, asportation, or travel across state lines);

     *United States v. DeJesus Ventura*, 565 F.3d 870, 875-79 (D.C. Cir. 2009) (agreeing that sentencing court must determine the "generic" definition of kidnapping and finding that "nearly every state kidnapping statute includes two common elements: (1) an act of restraining, removing, or confining another; and (2) an unlawful means of accomplishing that act." A slim majority of States require "a criminal purpose beyond the mere intent to restrain the victim," such as intent to cause bodily injury.).

     *United States v. Jenkins*, __F.3d__, 2012 WL 1868758 (1st Cir. 2012) (adopting *DeJesus Ventura* criteria for defining "generic kidnapping").

     18 U.S.C. § 1201 (defining kidnapping as whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds a

person for ransom or some other nefarious purpose).

Fifth Circuit Pattern Instruction 2.58 (defining "kidnap" as follows: "to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.");

Tenth Circuit Pattern Jury Instruction 2.55 (same);

Eleventh Circuit Pattern Jury Instruction 49 (same).

**Note:** Pursuant to *Apprendi*, the government submits the verdict forms should include a separate finding of kidnapping.

**GOVERNMENT'S REQUESTED INSTRUCTION NO.**

**Conspiracy – Responsibility for Substantive Offense Alleged in Count Two through Six**

As I have explained, the crimes alleged in Counts Two through Six of the Indictment arise out of the assaults of Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock by the defendants because of the actual or perceived religion of Marty Miller, Barbara Miller, David Wengerd, Raymond Hershberger, Andy Hershberger, Levi Hershberger, Myron Miller, Melvin Schrock and Anna Schrock, which are also alleged to be objects of the conspiracy charged in Count One of the Superseding Indictment.

In addition to what I have told you thus far, there is another way that the government can prove a defendant guilty of these crimes besides their direct participation in the alleged assaults. It is based on the legal rule that all members of a conspiracy are responsible for the acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by other members of the conspiracy, even though they did not all personally participate in that crime themselves.

In order for you to find a defendant guilty of the offenses alleged in Counts Two through Six based on this legal rule, you must be convinced that the government has proved every one of the following elements beyond a reasonable doubt:

<u>FIRST</u>: That the defendant was a member of the conspiracy charged in Count One of the Indictment.

<u>SECOND</u>: That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed every element of the crime alleged in Counts Two through Six of the Indictment.

<u>THIRD</u>: That this crime was committed to help advance the conspiracy.

<u>FOURTH</u>: That this crime was one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

<u>Authority</u>: Sixth Circuit Pattern Criminal Jury Instruction 3.10 (modified);

Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u> § 28.10 at 193-94 (4th ed. 1992);

<u>Pinkerton v. United States</u>, 328 U.S. 640, 645-46 (1946).

**GOVERNMENT'S REQUESTED INSTRUCTION NO.**

**"Disfigurement" Defined**

  Disfigurement is defined as an impairment or injury to the appearance of a person or thing.


  Authority:  Black's Law Dictionary (9th edition, 2009).

        Respectfully submitted,

        STEVEN M. DETTELBACH
        United States Attorney

By:   /s/ Bridget M. Brennan
        Bridget M. Brennan
        Thomas E. Getz
        Assistant U.S. Attorneys
        Reg. Nos.  0072603/0039786
        400 United States Courthouse
        801 West Superior Avenue
        Cleveland, Ohio  44113
        Tel. Nos.:  (216) 622-3810/622-3840
        Fax No.:   (216) 685-2378
        E-mail: bridget.brennan@usdoj.gov
                thomas.getz@usdoj.gov

        Kristy L. Parker
        Reg. No.  18790 (KS)
        Deputy Chief, Civil Rights Division
        U.S. Department of Justice
        Patrick Henry Building
        601 D Street, N.W., Room 5113
        Phone: (202)353-8260
        E-Mail:  kristy.parker@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 17th day of August, 2012, a copy of the foregoing Government's Proposed Supplemental Jury Instructions was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        /s/ Bridget M. Brennan
        Bridget M. Brennan
        Assistant U.S. Attorney