IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:11-cr-00594 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| vs. | ) | **MOTION FOR BAIL PENDING THE** |
| | ) | **RESOLUTION OF DEFENDANT'S** |
| | ) | **MOTION TO VACATE AND  SET** |
| SAMUEL MULLET, SR., | ) | **ASIDE JUDGMENT OF CONVICTION** |
| | ) | **OR SENTENCE UNDER 28 U.S.C. §** |
| Defendant. | ) | **2255** |

## I.    INTRODUCTION

Defendant Samuel Mullet, Sr. ("Mr. Mullet") respectfully requests that this Court release him on bail pending the resolution of his Motion to Vacate and Set Aside Judgment of Conviction or Sentence Under 28 U.S.C. § 2255 ("2255 Motion.")  Such relief is appropriate because Mr. Mullet presents: (1) a substantial claim of law based on the facts, as set forth more fully in his contemporaneously filed 2255 Motion and Memorandum in Support of his Motion to Vacate and Set Aside Judgment of Conviction Under 28 U.S.C. § 2255 ("2255 Mem."); and (2) the existence of personal and legal circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.  Moreover, there is little risk that Mr. Mullet will flee, given the surety or other conditions this Court could impose.

## II.    RELEVANT FACTUAL BACKGROUND

Mr. Mullet is a 72-year-old Amish farmer and an ordained Amish bishop.  He has 18 children, 110 grandchildren, and no criminal convictions, arrests or conduct prior to this case. Mr. Mullet was indicted on November 22, 2011 and was in pretrial detention until the trial concluded on September 20, 2012.  The government sought a life sentence of imprisonment.

This Court sentenced Mr. Mullet to 15 years in prison (with credit for time served) on February 14, 2013.  After the Sixth Circuit reversed the HCPA counts (counts 2, 4, 5, 6, 7) and the government declined to re-charge Mr. Mullet, this Court re-sentenced Mr. Mullet to 129 months on Counts 1, 8 and 10.

Contemporaneous with this Motion, Mr. Mullet has filed a 2255 Motion – which is supported by the declaration of his former counsel, Edward Bryan, Esq. – to vacate and set aside his conviction based on the ineffective assistance of trial and appellate counsel.  Moreover, during his time in custody, Mr. Mullet has suffered several personal tragedies.  Mr. Mullet's wife of 49 years, Martha, died suddenly and unexpectedly from cardiac arrest on November 11, 2014. Mr. Mullet was not permitted to attend her funeral to pay his final respects and grieve with his family.  While in custody, Mr. Mullet's daughter, Lizzie, also gave birth to a baby girl with hydrocephaly, and the infant died just hours after the birth.  Mr. Mullet's 12-year-old granddaughter was also tragically killed in a car buggy accident while he was incarcerated, and his nephew's 15-year-old son accidentally drowned in a farm pond.  Mr. Mullet also recently underwent triple bypass surgery.  Moreover, Mr. Mullet's incarceration has taken a toll on the Bergholz Amish community, and numerous weddings and other religious ceremonies have been postponed as a result of his absence.

## III.    ARGUMENT

"[T]here is abundant authority that federal district judges in … Section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases…"  *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985) (Posner, J.) (citing *In re Wainwright*, 518 F.2d 173 (5th Cir.1975) (per curiam); *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir.1978); *Jago v. United States District Court*, 570 F.2d 618 (6th Cir.1978)). The

Sixth Circuit has similarly recognized that federal district court judges have the power to grant bail pending adjudication of a 2255 motion, and that such motions are immediately appealable. *See Dotson v. Clark,* 900 F.2d 77 (6th Cir. 1990).

"In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* at 79 (citations omitted).  Courts have recognized that such circumstances include the fact "that a denial of bail could leave the petitioner without remedy" given how much time will be expended in adjudicating his substantial claims.  *Marino v. Vasquez,* 812 F.2d 499, 509 (9th Cir. 1987); *see also LaFrance v. Bohlinger,* 487 F.2d 506, 507 (1st Cir. 1973) (holding a petitioner "had served much, possibly most of his sentence" and "requiring him to serve … more … would be too harsh.")

District courts granting bail can ensure a petitioner will not flee by issuing an order setting conditions of release or a surety.  *See, e.g. Jago,* 570 F.2d at 619 & n.2 (order releasing petitioner "pending … appeal on the condition that he post bail in the amount of $10,000, ten percent deposit"); *Marino,* 812 F.2d at 503 & n.2 ("order setting conditions for Marino's release … and plac[ing] restrictions on the petition during his release"); *LaFrance,* 487 F.2d at 508 (release conditioned on petitioner's execution of "bond agreeing to his being recognized on personal recognizance" and "agreeing that he will remain within the [federal judicial] District and answer all orders of [the]court.").

Here, this Court should order Mr. Mullet to be released on bail pending adjudication of his 2255 Motion because he has presented a substantial claim of ineffective assistance. Specifically, Mr. Mullet's 2255 Motion and the 2255 Memorandum make clear that counsel was

ineffective when he: (1) failed to raise in the second appeal the admission of unfairly prejudicial evidence of coercive sexual misconduct with one of Mr. Mullet's daughters-in-law that allegedly took place more than three years before the beard and hair-cuttings – as well as evidence of a sexual relationship with another female relative –which infected the entire trial on all counts; (2) failed to object during trial and on the second appeal to inflammatory "Amish expert" statements that exceeded the scope of the expert's permissible testimony, pursuant to this Court's explicit limiting instructions at the final pretrial, which infected the entire trial; (3) failed to object at trial and on appeal to the admission of an AP article introduced through an FBI agent, despite the fact that the article's admission was a clear violation of Mr. Mullet's Confrontation Clause rights and infected the entire trial; and (4) failed to appeal Counts 1 and 8 on sufficiency of the evidence grounds. (*See* 2255 Motion; 2255 Mem.)

Mr. Mullet can also establish the existence of some circumstance making this motion exceptional and deserving of special treatment in the interests of justice.  Specifically, Mr. Mullet has served almost the entirety of his 129-month sentence.  A denial of bail could therefore leave Mr. Mullet without remedy given how much time will be expended in adjudicating his substantial 2255 claims.  *See Marino,* 812 F.2d at 509; *LaFrance,* 487 F.2d at 507.

Moreover, Mr. Mullet's personal circumstances are similarly exceptional.  As set forth above, he is a 72-year-old Amish farmer with no prior criminal history and has been a model prisoner during the many years of his confinement.  He has sustained the loss of several dear family members while incarcerated and recently underwent triple bypass heart surgery.  While in custody, Mr. Mullet has sought to do nothing other than to be with his family, sing Amish hymns, and pray.  He poses no risk of flight and simply wants to return to his farm.  If this Court permits him to do so, that is where he will remain.  Indeed, in accordance with his religious

beliefs, Mr. Mullet does not operate modern transportation and as a result poses a virtually nonexistent risk of flight.  Mr. Mullet also will abide by any surety or conditions of release this Court may impose.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Mullet respectfully requests that this Court release him on bail pending the resolution of his 2255 Motion.

Respectfully submitted,

*s/ Richard H. Blake*
RICHARD H. BLAKE (0083374)
JENNIFER DOWDELL ARMSTRONG (0081090)
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
Telephone:     (216) 348-5400
Facsimile:     (216) 348-5474
Email: rblake@mcdonaldhopkins.com
            jarmstrong@mcdonaldhopkins.com

*Counsel for Petitioner Samuel Mullet, Sr.*

<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing **Motion For Bail Pending The Resolution Of Defendant's 2255 Motion** was filed electronically on January 12, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Richard H. Blake*
RICHARD H. BLAKE (0083374)
*Counsel for Petitioner Samuel Mullet, Sr.*