**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  5:11-CR-594 |
| | : | |
| Plaintiff, | : | JUDGE DAN A. POLSTER |
| | : | |
| vs. | : | |
| | : | **DEFENDANT'S MOTION TO REDUCE** |
| SAMUEL MULLET, SR, | : | **SENTENCE PURSUANT TO 18 U.S.C.** |
| | : | **§ 3582(c)(1)(A)(i) FOR IMMEDIATE** |
| Defendant. | : | **COMPASSIONATE RELEASE** |
| | : | **BECAUSE OF THE COVID-19 CRISIS** |

The defendant, Samuel Mullet, Sr., by and through counsel, respectfully moves this Honorable Court pursuant to the newly-amended 18 U.S.C. § 3582(c)(1)(A)(i) for an order reducing his sentence to time served based on his age, health issues, and extraordinary and compelling circumstances, as defined by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

        Respectfully submitted,

        STEPHEN C. NEWMAN
        Federal Public Defender
        Ohio Bar: 0051928

        */s/ Edward G. Bryan*
        EDWARD G. BRYAN
        Assistant Federal Public Defender
        Ohio Bar: 0055556
        1660 West Second Street, Suite #750
        Cleveland, OH 44113
        (216)522-4856   Fax:(216)522-4321
        E-mail: edward_bryan@fd.org

        Attorney for Samuel Mullet, Sr.

## **MEMORANDUM IN SUPPORT**

### **I.     Introduction and Procedural History**

Samuel Mullet, Sr. has been in federal custody since his arrest pursuant to a Criminal Complaint, along with several other members of his Amish community, on November 23, 2011. The government accused Mr. Mullet and the others with violating federal hate crimes laws based upon a series of beard and hair cutting incidents that took place in other Amish communities between September and November of 2011.  Eventually, the government indicted and charged a total of sixteen men and women from Mr. Mullet's community with violations of hate crimes, obstruction of justice and lying to federal agents in violation of federal law.  On August 27, 2012, the case against all sixteen defendants proceeded to trial.  On September 20, 2012, the jury returned guilty verdicts against all of the defendants on most of the charges against them.  On February 14, 2013, Samuel Mullet, Sr. was sentenced to 180 months (15 years of incarceration) based upon his convictions for the federal hate crimes violations.

On December 2, 2014, the Sixth Circuit Court of Appeals reversed Mr. Mullet's and the other defendant's hate crimes convictions based upon a jury instruction regarding the motivations of the defendants in committing the numerous beard/hair cutting assaults.  The Court of Appeals left undisturbed the convictions for obstruction of justice and lying to federal authorities.  On March 2, 2015, this Court conducted a re-sentencing hearing on the charges left undisturbed by the Circuit Court's reversal.  Using sentencing cross-references to the assault and kidnapping guidelines, the government again sought the Court to impose a sentence of 180 months (15 years incarceration) upon Mr. Mullet.  Instead, this Court sentenced Mr. Mullet to 129 months of incarceration.

Based upon his new sentence, the Bureau of Prisons calculated Mr. Mullet's total release date to be in April of 2021, assuming Mr. Mullet earned all of his "good time" credit, which he has.

However, because of the First Step Act, the Bureau of Prisons moved Mr. Mullet's total release date to January of 2021. Two weeks ago, on March 4, 2020, the Bureau of Prisons transferred Mr. Mullet to the Bureau of Prisons halfway house in Youngstown, Ohio. The Bureau of Prisons will transfer Mr. Mullet to house arrest to complete his sentence in July of 2020.

For the reasons that follow, Mr. Mullet requests this Court to order Mr. Mullet's immediate compassionate release.

**II.     Legal Standards for Seeking Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)**

Samuel Mullet, Sr. now seeks reduction of his sentence from this Court. Prior to 2018, a district court could only receive a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), known as a "compassionate release" upon a motion from the Warden of the prison where the defendant was being held. The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(l)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 603(b), 132 Stat.5 194, 5239 (codified at 18 U.S.C.§ 3582(c)(l)(A)).

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," as set out in United States Sentencing Guideline § 1B1.13. This Court has discretion to reduce the term of imprisonment imposed in this case based on § 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after consideration of the factors set forth in

section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]" Pursuant to the requirement of 28 U.S.C. § 994(t), as authorized by 28 U.S.C. § 994(a)(2)(C), the Sentencing Commission promulgated a policy statement that sets out the criteria for a reduction in sentencing, which, as set forth in U.S.S.G. § 1B1.13 includes, in relevant part:

> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

Further, the application note, 1B1.13, Application Note 1(A) provided insight into what constitutes "extraordinary and compelling reasons," which include the defendant's medical condition, and further detailed as:

> (ii) The defendant is:
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Following the passage of the First Step Act of 2018, a number of other federal district courts have granted sentence reductions under § 3582(c)(1)(A). *See United States v. Beck*, Case No. 1:13-CR-186, 2019 WL 2716505 (M.D.N.C., June 28, 2017); *United States v. Johns*, Case No. 91-CR-392, 2019 WL 2646663 (D. Ariz., June 27, 2019); *United States v. Cantu-Rivera*, Case No. 4:89-CR-204, Dkt. 492 (S.D.Tx., June 24, 2019) (69-year-old defendant with health issues was granted a

4

reduction of his life sentence to time served, having served 30 years in prison); *United States v. Cantu*, Case No. 1:05-CR-458 (S.D. Tex., June 17, 2019); *United States v. McGraw*, Case No. 2:02-CR-018, 2019 WL 2059488 (S.D.Ind. May 9, 2019) (72-year-old and wheelchair-bound defendant with other health issues was granted a reduction in his life sentence after serving sixteen years); *United States v. Bazemore*, Case No. 3:12-CR-319, Dkt. 203 (N.D.Tx., March 16, 2019); *United States v. Evans*, Case No. 4:15-CR-015, Dkt. 428 (S.D.Tx., March 8, 2019).

### III.    Mr. Mullet Presents Extraordinary and Compelling Reasons for Reduction

As required by the First Step Act, and § 3582(c)(1)(A), Mr. Mullet submitted a request for compassionate release to the Warden of the prison at Elkton FCI. The petition was submitted on June 25, 2019. A copy of the petition he submitted is attached as Exhibit A. The Warden never responded to Mr. Mullet's request for compassionate release. Mr. Mullet did receive a modest reduction in his sentence pursuant to the First Step Act. Furthermore, Mr. Mullet was led to believe by his case manager at Elkton that when he was released from Elkton in March he would complete the duration of his sentence on home arrest. Instead, Mr. Mullet was informed when he arrived at the halfway house in Youngstown that he was required to remain at the halfway house until July of 2020.

In his letter to the Warden seeking compassionate release, Mr. Mullet pointed to his heart condition and age, *inter alia*, as circumstances warranting his early release from prison. As he explained to the Warden, Mr. Mullet underwent triple by-pass surgery to fix blockages in his coronary arteries. Since his surgery, Mr. Mullet has remained under the care of a physician. Mr. Mullet is currently 74-years-old. In light of the advent of the Covid-19 pandemic crises, because of his age and his underlying heart condition, Mr. Mullet's risk of serious illness or death is elevated if he contracts the coronavirus. The CDC has strongly advised all persons over the age

5

of 70 to self-isolate in their homes to avoid contracting the virus. Mr. Mullet cannot do this at a Bureau of Prisons halfway house that is continuing to receive transitioning inmates from the Bureau of Prisons.

These are certainly the types of extraordinary and compelling reasons warranting a reduction in Mr. Mullet's sentence. Mr. Mullet certainly suffers from a "serious physical or medical condition" regarding his recent heart surgery and recovery. At the age of 74, Mr. Mullet is certainly vulnerable to the aging process, especially in light of the Covid-19 outbreak, that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility."

Mr. Mullet has completed the vast majority of his sentence and is currently in the transition stage back to his community. In light of the serious health risks currently at play in the community and individually related to Mr. Mullet health and age, this Court should grant Mr. Mullet's compassionate release forthwith. In the alternative, Mr. Mullet requests this Court to order the Bureau of Prisons to place Mr. Mullet on home arrest forthwith for the duration of his sentence to keep him safe from the very real threat to his health and safety that he currently faces in the community at large due to the Covid-19 pandemic.

## IV. Conclusion

For the foregoing reasons, Mr. Mullet respectfully requests that the Court grant a reduction in his sentence to time served.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Edward G. Bryan*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856   Fax:(216)522-4321
E-mail edward_bryan@fd.org

Attorney for Samuel Mullet, Sr.

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/ Edward G. Bryan*
EDWARD G. BRYAN
Assistant Federal Public Defender
