IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
MAR 18 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:11-CR-594 |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | RESPONSE TO SAMUEL MULLET, |
| SAMUEL MULLET, SR., | ) | SR.'S PREMATURE REQUEST FOR |
| | ) | COMPASSIONATE RELIEF |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Bridget M. Brennan, Assistant United States Attorney, hereby responds to Samuel Mullet, Sr.'s ("Mullet") premature motion for compassionate relief.

**1. The District Court Does Not Yet Have Jurisdiction to Address Mullet's Request**

Mullet correctly acknowledges that, after the First Step Act, district courts may modify sentences of imprisonment **if** "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of defendant's facility, whichever is earlier."

To be clear, Mullet has not exhausted his administrative remedies. Additionally, the Bureau of Prisons has no record in its electronic system of receiving the letter attached to Mullet's current request. This morning, the undersigned counsel contacted legal counsel for the Bureau of Prisons, Northeast Region. Their legal counsel reviewed BOP databases and advised undersigned that "no remedy data exists," meaning that administrative remedies have not been

sought or appealed as required. He further advised undersigned that their available records do not show any request to the warden for this relief. Accordingly, Mullet has not made a proper showing that 30 days have passed without a response – the unsigned, typed letter attached to his request is insufficient and also unsupported by BOP records. And, Mullet has not alleged any appeal or request between June 2019 and the present – a point that is, in fact, consistent with BOP records.

While it is clear that the coronavirus poses risks for us all, and some more so than others, Mullet has not alleged that he has coronavirus or has been exposed to coronavirus – just that he is concerned if he is so exposed. The same can be said for all us and it is why nursing homes and BOP facilities are taking extraordinary steps to lockdown facilities from visitors and to maintain distancing. Concerns about coronavirus cannot trump the proper functioning of our systems, particularly those systems designed to protect inmate populations and the public.[1] There may be a time for Mullet's consideration to be heard by the district court, but that time has not yet come. To maintain the integrity of our procedures, we must ensure the process and that considerations afforded to all inmates for compassionate relief are considered evenly, fairly and after proper institutional procedures have been followed.

2. **The Federal Public Defender has previously declared itself ineffective in its representation of Mullet**

The last time the Federal Public Defender, and Edward Bryan in particular, submitted documentation to this Court concerning Mullet, it was to declare themselves wholly ineffective in every aspect of representing Mullet. (ECF# 1, 5:18-CV-094, Motion to Vacate Under 28 U.S.C. § 2255). The affidavit Mr. Bryan submitted was attached to the request for habeas relief

---

[1] Mullet does not challenge the BOP's ability to provide him with excellent medical care and safeguard his health. Indeed, he acknowledges receiving a life-saving procedure while in BOP custody, namely coronary by-pass surgery.

filed by Mullet's last known – **and retained** – counsel of record. Accordingly, self-declared ineffective counsel should not submit requests on Mullet's behalf. Further, because Mullet's most recent counsel was retained, he has proven that he can afford his own counsel and is not, therefore, entitled to free or reduced-fee counsel.

For these reasons, the court should deny this request until such time as Mullet files a *pro se* motion, or one filed by retained counsel, that sufficiently demonstrates compliance with the First Step Act's revised procedures for compassionate relief.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   s/ Bridget M. Brennan
       Bridget M. Brennan (OH: 0072603)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3810
       (216) 522-8354 (facsimile)
       Bridget.Brennan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be submitted on pacer. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system. Mr. Mullet will receive his copy at his last known address:

FCI Elkton
8730 Scroggs Rd.
Lisbon, Ohio 44432

                                          s/ Bridget M. Brennan
                                          Bridget M. Brennan
                                          Assistant U.S. Attorney