UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:11-cr-594 |
| | ) | |
| SAMUEL MULLET, SR. | ) | |
| | ) | |

## DECLARATION OF STACY RIMMER

I, Stacy Rimmer, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1.     I am currently the Sector Administrator, Central Sector, for the Residential Reentry Management Branch (RRMB) of the Bureau of Prisons (BOP) a component of the United States Department of Justice. I have served in this capacity since January 5, 2020. My office is located in the BOP's North Central Regional Office in Kansas City. I have been employed by the BOP since August 11, 2002.

2.     I submit my declaration in response to the order of the court that the BOP submit a written statement regarding its consideration of home confinement for defendant Samuel Mullet, St., Federal Register No. 57560-060.

3.     The BOP, through RRMB, has reviewed inmate Mullet's request for placement on home confinement pursuant to the Elderly Offender Home Confinement pilot program authorized by 34 U.S.C. § 60541(g). Pursuant to that program, Congress authorized the Attorney General to transfer "some or all" eligible elderly offenders to home confinement. 34 U.S.C. § 60541(g)(1)(B).

4.       Pursuant to 34 U.S.C. § 60541(g)(5), an eligible elderly offender is an inmate in

the custody of the BOP:

    (i)     who is not less than 60 years of age;

    (ii)     who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence, sex offense, offense described in section 2332b(g)(5)(B) of title 18, or offense under chapter 37 of title 18, and has served ⅔ of the term of imprisonment to which the offender was sentenced;

    (iii)     who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

    (iv)     who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

    (v)     who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

    (vi)     with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

    (vii)     who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

5.  Inmate Mullet is presently serving a 129-month sentence following his convictions of

conspiracy (18 U.S.C. § 371); Obstruction of Justice (18 U.S.C. §§ 1519 & 2); and

Making a False Statement (18 U.S.C. § 1001).  With earned and projected credit for good

conduct, inmate Mullet is presently expected to complete service of his sentence on

January 18, 2021.

6.  Following review and consultation with the United States Attorney's Office about the

nature of inmate Mullet's convictions, BOP has determined that his convictions do not

preclude inmate Mullet from placement in the pilot program.  As such, as an exercise of the BOP's discretion, inmate Mullet has been approved for placement in the pilot program.

7. As a result of this decision, inmate Mullet will be transferred to home confinement in the near future, where he will serve the remainder of his sentence assuming compliance with the terms of his placement.

Executed this ₹3 day of March, 2020.

Stacy Rimmer
Sector Administrator, Central Sector
Residential Reentry Management Branch
Reentry Services Division
Federal Bureau of Prisons