# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:11-CR-594** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **SAMUEL MULLET, SR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Samuel Mullet, Sr.'s Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), **Doc #: 761**. Mullet's request centers around COVID-19. Doc #: 761 at 5. He asserts that as a 74-year-old man with a heart condition, he is at risk of serious illness or death if he contracts COVID-19. Doc #: 761 at 5. He further asserts that he cannot self-isolate as advised by the CDC due to his placement in a Bureau of Prisons halfway house. Doc #: 761 at 6. As he is not able to self-isolate, he argues, his ability to provide self-care is substantially diminished and the Court should modify his sentence. Doc #: 761 at 6.

During a teleconference held on March 20, 2020, the parties discussed Mullet's eligibility under the First Step Act to serve the remainder of his sentence in home confinement, which would resolve Mullet's COVID-19 concerns.[1] Non-document order issued March 20, 2020. The

---

[1] Mullet was initially informed that he is eligible to serve the last 12 months of his sentence in home confinement under the First Step Act. Doc #: 763 at 4. On March 3, 2020, when Mullet believed he would start home confinement, he discovered that he is required to remain at a halfway house until July 18, 2020. Doc #: 763 at 4. While the present Motion was pending, Defense Counsel was actively engaging the BOP to determine why Mullet did not immediately receive home confinement. Doc #: 763 at 4.

Court directed the Bureau of Prisons ("BoP") to reconsider Mullet's eligibility for home confinement under the First Step Act and submit a reasoned decision. Nondocumented Order Dated March 20, 2020.

On March 23, 2020, the Court received a declaration of Stacy Rimmer, Sector Administrator, Central Sector, for the Residential Reentry Management Brach, stating that Mullet is eligible for home confinement and will be transferred to home confinement in the near future. Doc #: 764-1 at 2-3.

Because Mullet's concerns regarding COVID-19 are resolved by the BOP's decision to transfer him to home confinement, Mullet's Motion to Reduce Sentence, Doc #: 761, is **MOOT**.

**IT IS SO ORDERED.**

> */s/Dan Aaron Polster March 23, 2020*
> **DAN AARON POLSTER**
> **UNITED STATES DISTRICT COURT**